UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ANDREW STEPHEN GABRIEL,

                 Plaintiff,

        - against -

TRANSUNION LLC,

                 Defendant.

----------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-2216 (PKC) (MMH)

PAMELA K. CHEN, United States District Judge:

*Pro se* plaintiff Andrew Stephen Gabriel ("Plaintiff") brings this action against Defendant TransUnion LLC ("Defendant") under several provisions of both the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (Compl., Dkt. 1, at ECF 4.)[1] While it is not readily apparent what relief Plaintiff seeks, he asserts that Defendant has violated the FCRA 140 times, and that each violation amounts to $1,000. (*Id.* at ECF 6.) Before the Court is Defendant's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c). For the reasons that follow, the Court grants Defendant's motion.

**BACKGROUND**

Plaintiff's Complaint states his claim as follows:

> The defendant has never reached out to me via mail or phone call to verify anything on my consumer report. By placing these accounts/inquiries on my consumer report it has negatively harmed me according to the Fair Credit Reporting Act. I have sent out an affidavit of truth and they did not respond back with an affidavit. Which means they have defaulted. I then sent out a Default and Opportunity to cure and they have not given me my remedy.

---

[1] Citations to "ECF" refer to the pagination generated by the Court's electronic docketing system and not the document's internal pagination.

(*Id.* at ECF 5.)[2]  Plaintiff goes on to say that he has been denied credit cards because of "companies accessing private information from [Defendant] without [his] permission" and that he has suffered "mentally and emotionally" because he has not had access to certain benefits because of his consumer report.  (*Id.* at ECF 6.)

## PROCEDURAL HISTORY

Plaintiff filed his Complaint on April 19, 2022.  (Compl., Dkt. 1.)  On June 13, 2022, Defendant answered the Complaint.  (Dkt. 7.)  The parties proceeded to discovery and engaged in settlement talks but did not settle.  (*See, e.g.*, 1/23/2023 Docket Order (noting that "[t]he parties substantially complied with the Court-ordered discovery deadlines"); 4/12/2023 Docket Order ("The parties are amenable to a settlement conference before depositions."); 7/6/2023 Minute Entry ("The parties did not settle.").)

On October 13, 2023, Defendant filed a motion for judgment on the pleadings.  (Dkt. 28.) The motion was fully briefed as of January 17, 2024.  (*See* Dkts. 31, 32.)

## LEGAL STANDARD

To survive a motion for judgment on the pleadings pursuant to Rule 12(c), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Matzell v. Annucci*, 64 F.4th 425, 433 (2d Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Goldberg v. Pace Univ.*, 88 F.4th 204, 210 (2d Cir. 2023).  "A claim is plausibly alleged 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Matzell*, 64 F.4th at

---

[2] The Court notes that Plaintiff filed substantially identical complaints against Experian Information Solutions, Inc. and Equifax, Inc.  Compl., *Gabriel v. Experian Info. Sols., Inc.*, No. 22-CV-2174 (E.D.N.Y. Apr. 19, 2022), ECF No. 1; Compl., *Gabriel v. Equifax, Inc.*, No. 22-CV-2226 (E.D.N.Y. Apr. 19, 2022), ECF No. 1.

433 (quoting *Iqbal*, 556 U.S. at 678); *see Vengalattore v. Cornell Univ.*, 36 F.4th 87, 102 (2d Cir. 2022) (quoting *Iqbal*, 556 U.S. at 678).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Vengalattore*, 36 F.4th at 102 (quoting *Iqbal*, 556 U.S. at 678); *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020).  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Vengalattore*, 36 F.4th at 102 (quoting *Iqbal*, 556 U.S. at 679); *Lynch*, 952 F.3d at 74 (same).

In considering a motion for judgment on the pleadings, courts "may consider all documents that qualify as part of the non-movant's 'pleading,' including (1) the complaint *or* answer, (2) documents attached to the pleading, (3) documents incorporated by reference in or integral to the pleading, and (4) matters of which the court may take judicial notice." *Goldberg*, 88 F.4th at 210 (quoting *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 206 (2d Cir. 2021)).  The assumption that allegations contained in the complaint are true is "inapplicable to legal conclusions." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).  "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (internal quotation marks omitted) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)).

In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris*, 572 F.3d at 72 (noting that "[e]ven after *Twombly*," courts "remain obligated to construe a *pro se* complaint liberally").

**DISCUSSION**

**I.   Plaintiff's Failure to State an FCRA Claim**

Plaintiff's Complaint alleges that Defendant violated the following sections of the FCRA: 15 U.S.C. §§ 1681(a)(1)–(4), "1681(a)(b)" [sic], and 1681a(d)(2)(A)(i).  (Compl., Dkt. 1, at ECF 4.)  Plaintiff, however, cannot obtain any relief under these statutes.

First, Sections 1681(a)(1)–(4) of the FCRA are "merely part of the Congressional findings and statement of purpose underlying the FCRA," which do not give rise to claims under the statute. *See Rivera v. Equifax*, No. 22-CV-972 (MPS), 2022 WL 17370505, at *3 (D. Conn. Oct. 31, 2022). Second, there is no Section 1681(a)(b) of the FCRA.  It is possible that Plaintiff meant to invoke Section 1681a(b), which defines the term "person" in the context of the statute, or to invoke Section 1681(b), which sets forth the requirement that credit reporting agencies "adopt reasonable procedures for meeting the needs of commerce for consumer credit[.]"  *See* 15 U.S.C. §§ 1681a(b), 1681(b).  Section 1681a(d)(2)(A)(i) of the FCRA, which Plaintiff also cites, states that a "consumer report" does not include any "report containing information solely as to transactions or experiences between the consumer and the person making the report."  15 U.S.C. § 1681a(d)(2)(A)(i).  These sections, which either set forth a reasonable procedures requirement on credit reporting agencies (15 U.S.C. § 1681a(b)), or list an exception to the statute (15 U.S.C. § 1681a(d)(2)(A)(i)), also do not give rise to claims under the FCRA.

In addition to Plaintiff's failure to cite any relevant provision of the FCRA, he also seems to premise his claim on the assumption that Defendant has a duty to "reach out" "via mail or phone call to verify anything on [his] consumer report." (Compl., Dkt. 1, at ECF 5.)  No such affirmative duty on the part of credit reporting agencies exists under the FCRA.  *See Shostack v. Diller*, No. 15-CV-2255 (GBD) (JLC), 2015 WL 5535808, at *10 (S.D.N.Y. Sept. 16, 2015) ("[C]ontrary to the conclusory allegations in the amended complaint, there is nothing in the FCRA that imposes

4

an affirmative duty on [the defendant] to call [the plaintiff] before running his credit report to 'verify[] that the information that [it] received online was . . . valid[.]'"), *R. & R. adopted*, 2016 WL 958687 (S.D.N.Y. Mar. 8, 2016).

Therefore, Plaintiff has failed to state a claim under the FCRA.

**II.     Plaintiff's Failure to State an FDCPA Claim**

Plaintiff's Complaint alleges Defendant violated the following sections of the FDCPA: 15 U.S.C. §§ 1692d(2), 1692e(2)(A), 1692j(a)–(b).  (Compl., Dkt. 1, at ECF 4.)  These sections prohibit debt collectors from engaging in harassment or abuse, using false or misleading representations, or compiling and furnishing deceptive forms in connection with the collection of debts.  "To establish a violation under the FDCPA, three elements must be proven: '(1) the plaintiff [must] be a "consumer" who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, (2) the defendant collecting the debt must be considered a "debt collector," and (3) the defendant must have engaged in an act or omission in violation of the FDCPA's requirements.'"  *Skvarla v. MRS BPO, LLC*, No. 21-CV-55 (ER), 2021 WL 2941118, at *2 (S.D.N.Y. July 12, 2021) (quoting *Derosa v. CAC Fin. Corp.*, 278 F. Supp. 3d 555, 559–60 (E.D.N.Y. 2017)).

Plaintiff alleges that Defendant has violated various provisions of the FDCPA but does not articulate exactly how it has done so.  In response, Defendant argues that Plaintiff has failed to allege that it is a debt collector and that as a result, he has failed to state a claim for violation of the FDCPA.  (Dkt. 28-1 at 1, 7.)[3]  The Court agrees.

---

[3] According to Defendant, it is a consumer reporting agency, not a "debt collector" under the FDCPA.  (*See* Dkt. 28-1 at 1, 7.)  *Compare* 15 U.S.C. § 1692a(6) (defining debt collector), *with* 15 U.S.C. § 1681a(f) (defining consumer reporting agency).  However, on a motion for judgment on the pleadings, the Court generally cannot consider facts proffered by a defendant;

Nowhere in his Complaint does Plaintiff allege that Defendant is a debt collector within the meaning of the FDCPA or that a third party is collecting a debt in Defendant's name. *See Allah v. New Century Mortg. Corp.*, No. 06-CV-3031 (JG), 2006 WL 3196851, at *2 (E.D.N.Y. Nov. 4, 2006) (stating that a creditor becomes subject to the FDCPA as a debt collector if there is an "indicat[ion] that a third person is collecting . . . debts" in its name). Accordingly, Plaintiff has failed to state an FDCPA claim against Defendant.

## LEAVE TO AMEND

"District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile." *Cabrera v. Experian*, No. 21-CV-8313 (LTS), 2021 WL 5166980, at *4 (S.D.N.Y. Nov. 5, 2021). Here, Plaintiff's central factual contention is that Defendant "never reached out" to him "via email or phone" to verify information on his account. (Compl., Dkt. 1, at ECF 5.) Because there is no affirmative duty in the law for a consumer reporting agency such as Defendant to reach out to consumers, no amendment could cure the Complaint's defects. Because Defendant's alleged wrongdoing does not violate any cognizable causes of action, Plaintiff is denied leave to amend his Complaint.

## CONCLUSION

For the reasons explained above, Defendant's motion for judgment on the pleadings is granted. The Clerk of Court is respectfully directed to enter judgment and close this case.

---

rather, it is the *absence* of any allegations in the Complaint about Defendant being a debt collector that dooms Plaintiff's Complaint.

SO ORDERED.

/s/ *Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated:  May 7, 2024
       Brooklyn, New York